UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:

UNITED STATES OF AMERICA

      - *v.* -

KAM WONG,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

:

:  **PRELIMINARY ORDER OF
FORFEITURE AS TO
SUBSTITUTE ASSET**

:  18 Cr. 737 (JGK)

:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/31/2019__

WHEREAS, on about October 9, 2018, KAM WONG (the "defendant"), was charged in an Information, 18 Cr. 737 (JGK) (the "Information"), with embezzlement from a federally-insured credit union, in violation of Title 18, United States Code, Section 657 (Count One); defrauding a financial institution, in violation of Title 18, United States Code, Section 1344 (Count Two); wire fraud, in violation of Title 18, United States Code, Section 1343 (Count Three); and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A (Count Four);

WHEREAS, the Information included a forfeiture allegation as to, *inter alia*, Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense charged in Count One of the Information;

WHEREAS, the Information also included a substitute asset provision providing notice that if as a result of the defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;

WHEREAS, on or about November 19, 2018, the defendant pled guilty to Count One of the Information pursuant to a plea agreement with the Government;

WHEREAS, under the terms of the plea agreement, the defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), a sum of money equal to at least $9,890,375 in United States currency, representing proceeds traceable to the commission of the offense alleged in Count One of the Information;

WHEREAS, on or about December 6, 2018, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment, signed on November 19, 2018, imposing a forfeiture money judgment in the amount of $9,890,375 in United States currency against the defendant (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, on or about February 6, 2019, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "February 6, 2019 Substitute Asset Order") (D.E. 24) which ordered the forfeiture to the United States of all right, title and interest of the defendant in the substitute assets identified therein (the "February 6, 2019 Substitute Assets");

WHEREAS, on or about March 12, 2019, the Court entered a second Preliminary Order of Forfeiture as to Substitute Assets (the "March 12, 2019 Substitute Asset Order") (D.E. 28) forfeiting all the defendant's right, title and interest in the substitute assets identified therein (the "March 12, 2019 Substitute Assets");

WHEREAS, or about May 24, 2019, the Court entered a Stipulation and Order (D.E. 45), and or about June 27, 2019, the Court entered a second Stipulation and Order (D.E. 58), both of which together fully resolved any and all claims and/or potential claims received by the

Government to the substitute assets identified in the February 6, 2019 Substitute Asset Order and the March 12, 2019 Substitute Asset Order;

WHEREAS, on or about June 13, 2019, the defendant was sentenced and the Money Judgment was ordered against him (D.E. 55);

WHEREAS, on or about July 19, 2019, the Court entered a Final Order of Forfeiture (D.E. 67) forfeiting to the United States all right, title and interest in the property described therein as the Forfeitable Substitute Assets, which was comprised of some of the February 6, 2019 Substitute Assets and the March 12, 2019 Substitute Assets;

WHEREAS, on or about September 3, 2019, the Court entered a third Preliminary Order of Forfeiture as to Substitute Asset (D.E. 76) forfeiting all the defendant's right, title and interest in the substitute asset identified therein (the "September 3, 2019 Substitute Asset");

WHEREAS, to date, approximately $7,933,274.13 of the Money Judgment against the defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the defendant's conviction; and

WHEREAS, the Government has identified the following specific asset in which the defendant has an ownership interest:

a. Life Insurance policy number 001301314 at Security Mutual Life held in the name of Kam H. Wong;

(the "Substitute Asset");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Asset to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      All of the defendant's right, title, and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.      Upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3.      Upon entry of a Final Order of Forfeiture, any net proceeds realized from the disposal or sale of the Substitute Asset shall be applied toward the Money Judgment entered against the defendant. Any funds remaining after the satisfaction of the Money Judgment shall be returned to the defendant.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers.  The United States forthwith shall publish the internet ad for at least

4

thirty (30) consecutive days.  Any person, other than the defendant, claiming interest in the Substitute Asset must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed

8.     The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Asset, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9.     Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(3), upon entry of this Preliminary Order of Forfeiture as to Substitute Asset, the United States Attorney's Office

is authorized to conduct any discovery needed to identify, locate or dispose of the property subject to forfeiture, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       10.    The Clerk of the Court shall forward four certified copies of this Preliminary Order of Forfeiture as to Substitute Asset to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York, 10007.

Dated:   New York, New York
         December 31 , 2019

                  SO ORDERED:

                  Vernon S. Broderick 12/31/2019
                  United States District Judge PART I

6