UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA : **AMENDED FINAL ORDER OF**
: **FORFEITURE**
    -v.- :
: 18 Cr. 737 (JGK)
KAM WONG, :
:
            Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about February 06, 2019, the Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "February 6, 2019 Substitute Asset Order") (Dkt. 24), which ordered the forfeiture to the United States of all right, title and interest of KAM WONG (the "defendant") in the following substitute assets (the "February 6, 2019 Substitute Assets"):

a. Any and all funds on deposit in the following accounts:

| **Financial Institutions** | **Account Information** |
|---|---|
| 1. JPMorgan Chase N.A. | Any and all funds on deposit in account number 000002902408174 , held in the names of Kam H. Wong and Ruby B. Wong (the "Chase #1 account");[1] |
| 2. JPMorgan Chase N.A. | Any and all funds on deposit in account number 000000781197041, sub-account numbers 781197041 and 2922408174, held in the names of Kam H. Wong and Ruby B. Wong (the "Chase #2 Account"); |
| 3. HSBC | Any and all funds on deposit in account number 132-73683-7, sub-account numbers 132-67056-9 and 132-68358-0, held in the names of Kamhung Wong and Ruby Wong (the "HSBC #1 Account"); |
| 4. HSBC | Any and all funds on deposit in account number 132-67056-9, held in the names of Kamhung Wong and Ruby Wong (the "HSBC #2 Account"); |
| 5. HSBC | Any and all funds on deposit in account number 132-68358-0, held in the names of Kamhung Wong and Ruby Wong (the "HSBC #3 Account"); |

---

[1] This account was erroneously listed twice in the February 6, 2019 Substitute Asset Order.

| | | |
|---|---|---|
| 6. | Bank of America, N.A. | Any and all funds on deposit in account number 4830 2004 0104, held in the names of Kam H. Wong, Ruby B. Wong, and ITF Kevin Wong (the "BOA #1 Account"); |
| 7. | Bank of America, N.A. | Any and all funds on deposit in account number 4830 2003 5766, held in the names of Kam H. Wong, Ruby B. Wong, and ITF Kevin Wong (the "BOA #2 Account"); |
| 8. | Bank of America, N.A. | Any and all funds on deposit in account number 910 001 2762 4763, held in the names of Kam H. Wong, Ruby B. Wong, and ITF Kevin Wong (the "BOA #3 Account"); |
| 9. | Sterling National Bank | Any and all funds on deposit in account number 9001600247, held in the names of Kam Hung Wong and Ruby Wong (the "Sterling #1 Account"); |
| 10. | Sterling National Bank | Any and all funds on deposit in account number 8311137833, held in the names of Kam Hung Wong and/or Ruby Wong (the "Sterling #2 Account"); |
| 11. | Sterling National Bank | Any and all funds on deposit in account number 8310066378, held in the names of Kam Hung Wong, Ruby Wong, and/or Boy You May (the "Sterling #3 Account"); |
| 12. | Sterling National Bank | Any and all funds on deposit in account number 9000849696, held in the names of Kam Hung Wong and Ruby Wong (the "Sterling #4 Account"); |
| 13. | Sterling National Bank | Any and all funds on deposit in account number 9000370922, held in the names of Kam Hung Wong and Ruby Wong (the "Sterling #5 Account"); |
| 14. | Ascensus (401K) C/O Municipal Credit Union | Any and all funds on deposit in account number 270046, held in the name of Kam Hung H Wong (the "Ascensus 401K Account"); |
| 15. | Wells Fargo Advisors, LLC | Any and all funds on deposit in account number 6080-6877, held in the name of Kam Wong (the Wells Fargo #1 Account"); |
| 16. | Wells Fargo Advisors, LLC | Any and all funds on deposit in account number 8761-2599, held in the name of Kam H. Wong (the Wells Fargo #2 Account"); |
| 17. | Wells Fargo Advisors, LLC | Any and all funds on deposit in account number 1864-5558, held in the names of Kam H. Wong and FBO Madeline Elizabeth Wong (the Wells Fargo #3 Account"); |
| 18. | Citibank, N.A. | Any and all funds on deposit in account number 921838, sub-account numbers 68706907, 994914158, and 4991708912, held in the names of Kam Hung Wong and Ruby B. Wong (the Citibank #1 Account"); |

| | |
|---|---|
| 19. Citibank, N.A. | Any and all funds on deposit in account number 9967173420, sub-account number 9959039790, held in the names of Kam H. Wong and Ruby Wong (the Citibank #2 Account"); |
| 20. Citibank, N.A. | Any and all funds on deposit in account number 9949141548, held in the names of Kam H. Wong and Ruby Wong (the Citibank #3 Account"); |
| 21. Citibank, N.A. | Any and all funds on deposit in account number 68706907, held in the names of Kam Hung Wong and Ruby B. Wong (the Citibank #4 Account"); |
| 22. Citibank, N.A. | Any and all funds on deposit in account number 4992124142, held in the names of Kam H. Wong and Ruby Wong (the Citibank #5 Account"); |
| 23. Citibank, N.A. | Any and all funds on deposit in account number 34733544, held in the names of Kam Hung Wong and Ruby B Wong (the Citibank #6 Account"); |
| 24. Citibank, N.A. | Any and all funds on deposit in account number 2001079100-0, held in the names of Kam Hung Wong and Ruby B Wong (the Citibank #7 Account"); |
| 25. Municipal Credit Union | Any and all funds on deposit in account number 362086, held in the name of Kam Wong (the "MCU #1 Account"); and |
| 26. Municipal Credit Union | Any and all funds on deposit in account number 1387146, held in the name of Kam Wong (the "MCU #2 Account"); |

b. any and all of the following property:

| | |
|---|---|
| 1. | All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements thereon, located at 918 Ascan Street, Valley Stream, NY 11580 (the "Valley Stream Property"); and |
| 2. | All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements thereon, located at 1717 East 14th Street, Apt. J, Brooklyn, NY 11201 (the "Brooklyn Property"); |

c. any and all of the following vehicles:[2]

| | |
|---|---|
| 1. | One 2013 Land Rover Range Rover suburban blue bearing vehicle identification number: SALGS2DF6DA110370 (the "2013 Land Rover"); |
| 2. | One 2015 Mercedes Benz XXX; suburban; white bearing vehicle identification number: WDDTG5CB0FJ107917 (the "2015 Mercedes XXX"); |
| 3. | One 2012 Land Rover Range Rover suburban light gray bearing vehicle identification number: SALSK2D48CA737577 (the "2012 Land Rover"); |
| 4. | One 2015 Tesla Motors XXX four-door sedan blue bearing vehicle identification number: 5YJSA1E24FF110159 (the "2015 Telsa"); |
| 5. | One 2017 Volvo XC90 suburban black bearing vehicle identification number: YV4A22PL3H1164551 (the "2017 Volvo"); |
| 6. | One 2018 Ferrari Cal convertible red bearing vehicle identification number: ZFF77XJA8J0227904 (the "2018 Ferrari"); and |
| 7. | One 2015 Mercedes Benz S50 four-door sedan blue bearing vehicle identification number: WDDUG8FB6FA136985 (the "2015 Mercedes S50"); |

(a.1-26, b.1-2, and c.1-7, collectively, the "February 6, 2019 Substitute Assets");

WHEREAS, on or about March 12, 2019, the Court entered a second Preliminary Order of Forfeiture as to Substitute Assets (the "March 12, 2019 Substitute Asset Order") (Dkt. 28) forfeiting all the defendant's right, title and interest in the following substitute assets:

a. Any and all funds on deposit at TD Bank, account number 435-6485768, held in the name of Ruby B Wong (the "TD Bank #1 Account");

b. Any and all funds on deposit at TD Bank, account number 00006771285385, held in the name of Ruby B Wong (the "TD Bank #2 Account");

c. Any and all funds, benefits, rights to disbursements, or other property held with Municipal Credit Union on behalf of, or subject to distribution to, Kam H. Wong, from Guardian Life Insurance Company of America life insurance policy, policy number 3221458 ("Guardian Life Insurance Policy 3221458"); and

---

[2] Submitted in tandem with this Final Order of Forfeiture is an Order of Vacatur vacating the February 6, 2019 Substitute Asset Order to the extent that it sought the forfeiture of the 2012 Land Rover, the 2018 Ferrari, and the 2015 Mercedes S50.

   d. Any and all funds, benefits, rights to disbursements, or other property held with Municipal Credit Union on behalf of, or subject to distribution to, Kam H. Wong, from Guardian Life Insurance Company of America life insurance policy, policy number 4039409 ("Guardian Life Insurance Policy 4039409");

(the "March 12, 2019 Substitute Assets," and together with the February 6, 2019 Substitute Assets, the "Substitute Assets");

  WHEREAS, the February 6, 2019 Substitute Asset Order and the March 12, 2019 Substitute Asset Order (together, the "Substitute Asset Orders") directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Orders, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  The Substitute Asset Orders further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

  WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

  WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the February 6, 2019 Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on March 8, 2019, for thirty (30) consecutive days, through April 6, 2019 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and

Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on July 11, 2019 (Dkt. 61);

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the March 12, 2019 Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on March 23, 2019, for thirty (30) consecutive days, through April 21, 2019 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on July 11, 2019 (Dkt. 62);

WHEREAS, on or about February 25, 2019, notice of the February 6, 2019 Substitute Assets Order was sent by certified mail, return receipt requested, to[3]:

    Boy You May
    c/o Kam Hung Wong or
    c/o Ruby Wong
    Valley Stream, NY 11580
    Boy You May
    c/o Edward Wong
    New York, NY 10022

    Boy You May
    c/o Kevin Wong
    Bellmore, NY 11710

    Madeline Elizabeth Wong
    c/o Edward Wong
    New York, NY 10022

    Jeffrey Harris Lichtman
    Law Offices of Jeffrey Lichtman
    New York, NY 10017

    Jonathan T. Savella
    Law Office of Jonathan Savella

---

[3] Home addresses of the recipients include only the city and state, consistent with the Court's notice regarding privacy and public access to electronic civil and criminal case files.

New York, NY 10019

Kam F. Wong
Brooklyn, NY 11201

Kam Hung Wong
Valley Stream, NY 11580

Kevin Wong
Bellmore, NY 11710

Madeline Elizabeth Wong
c/o Kevin Wong
Bellmore, NY 11710

and

Ruby Wong
Valley Stream, NY 11580;

 WHEREAS, on or about March 20, 2019, notice of the March 12, 2019 Substitute Assets Order was sent by certified mail, return receipt requested, to:

Kam Hung Wong
Valley Stream, NY 11580

and

Ruby Wong
Valley Stream, NY 11580;

 WHEREAS, thirty (30) days have expired since final publication of each of the forfeiture notices and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed, with the exception of a claimed interest asserted by Municipal Credit Union ("MCU"), in Guardian Life Insurance Policy 3221458 and Guardian Life Insurance Policy 4039409, and a claimed interest in a portion of the Substitute Assets asserted by Ruby Wong, Boy You Moy, and Kevin Wong (f/b/o Madeline Wong) (collectively, the "Potential Claimants"), by and through their attorney, Marc Fernich, Esq.;

7

WHEREAS, on or about May 24, 2019, the Court entered a Stipulation and Order (the "MCU Stipulation and Order") (Dkt. 45) which, pursuant to its terms, fully resolved MCU's alleged interest in Guardian Life Insurance Policy 3221458 and Guardian Life Insurance Policy 4039409, wherein the Government agreed to provide MCU with $57,757.85 in satisfaction of its alleged interest in Guardian Life Insurance Policy 3221458, and $12,652.00 in satisfaction of its alleged interest in Guardian Life Insurance Policy 4039409;

WHEREAS, on or about June 27, 2019, the Court entered a Stipulation and Order (the "Ruby Wong Stipulation and Order") (Dkt. 58) which, pursuant to its terms, fully resolved the Potential Claimants alleged interest in the Substitute Assets;

WHEREAS, pursuant to the terms included in the Ruby Wong Stipulation and Order, the Government agreed that, following the entry of this Final Order of Forfeiture, it would remit to Ruby Wong funds seized from the following Substitute Asset accounts in the following amounts and proportions:[4]

  i. $227,308.45 representing half of any and all funds seized from the Chase #1 Account;

  ii. $1,726.79 representing half of any and all funds seized from the Chase #2 Account;

  iii. $1,395.16 representing half of any and all funds seized from the HSBC #1 Account;

  iv. $200,050.35 representing half of any and all funds seized from the HSBC #2 Account;

  v. $39,050.99 representing any and all funds seized from the HSBC #3 Account;

---

[4] Upon seizure, Sterling National Bank informed the Government that the Sterling #2 Account did not contain any funds, and Citibank N.A. informed the Government that Citibank Accounts #1 - #7 did not contain any funds.

    vi. $250.00 representing half of any and all funds seized from the BOA #1 Account;

    vii. $122,880.66 representing half of any and all funds seized from the BOA #2 Account;

    viii. $79,535.06 representing half of any and all funds seized from the BOA #3 Account;

    ix. $2,487.43 representing half of any and all funds seized from the Sterling #1 Account;

    x. $2,084.10 representing any and all funds seized from the Sterling #3 Account;

    xi. $37,099.67 representing any and all funds seized from the Sterling #4 Account;

    xii. $4,305.71 representing half of any and all funds seized from the Sterling #5 Account;

    xiii. $3,866.28 representing half of any and all funds seized from the TD Bank #1 Account; and

    xiv. $309,351.38 representing half of any and all funds seized from the TD Bank #2 Account, less $5,000;[5]

(i-xiv., totaling $1,031,392.00, the "Released Funds");

    WHEREAS, pursuant to the terms included in the Ruby Wong Stipulation and Order, the Government also agreed, following the entry of this Final Order of Forfeiture, to release the Valley Stream Property—assessed at $475,000.00—from the forfeiture proceeding, upon remittance by Ruby Wong of half of the assessed value of the Valley Stream Property in the amount of $237,500.00 to the Government (the "Valley Stream Property Payment");

---

[5] As accounted for by the Ruby Wong Stipulation and Order, after the filing of the February 6, 2019 Substitute Asset Order but prior to its entry by the Court, Mr. Fernich alerted the Government that Ruby Wong would withdraw $10,000 for living expenses from one of the TD Accounts included among the March 12, 2019 Stipulated Substitute Assets.

WHEREAS, pursuant to the terms included in the Ruby Wong Stipulation and Order and following the entry of this Final Order of Forfeiture, the Government also agreed to remit payment in the amount of $793,892.00 to Ruby Wong, which reflects the balance remaining after subtracting the Valley Stream Property Payment from the Released Funds;

WHEREAS, after accounting for the settlements described above with MCU and the Potential Claimants, the following portion of the Substitute Assets are subject to forfeiture to the Government:

1. $227,308.45 representing any and all funds remaining from the Chase #1 Account;

2. $1,726.78 representing any and all funds remaining from the Chase #2 Account;

3. $1,395.15 representing any and all funds remaining from the HSBC #1 Account;

4. $200,050.34 representing any and all funds remaining from the HSBC #2 Account;

5. $250.00 representing any and all funds remaining from the BOA #1 Account;

6. $122,880.65 representing any and all funds remaining from the BOA #2 Account;

7. $79,535.06 representing any and all funds remaining from the BOA #3 Account;

8. $2,487.43 representing any and all funds remaining from the Sterling #1 Account;

9. $4,305.70 representing any and all funds remaining from the Sterling #5 Account;

10. Any and all funds on deposit in the Ascensus 401K Account;

11. $86,511.71 representing any and all funds in the Wells Fargo #1 Account;

12. $15,572.89 representing any and all funds in the Wells Fargo #2 Account;

13. $120,647.15 representing any and all funds in the Wells Fargo #3 Account;

14. $922.57 representing any and all funds in the MCU #1 Account;

15. $7.26 representing any and all funds in the MCU #2 Account;

16. The Brooklyn Property;

17. The 2013 Land Rover;

18. The 2015 Mercedes XXX;

19. The 2015 Telsa;

20. The 2017 Volvo;

21. $3,866.27 representing any and all funds remaining from the TD Bank #1 Account;

22. $319,351.37 representing any and all funds remaining from the TD Bank #2 Account; and

23. $28,810.85 representing any and all funds remaining after liquidation of Guardian Life Insurance Policy 3221458;[6]

(1-23, collectively, the "Forfeitable Substitute Assets");

WHEREAS, the defendant, MCU, and the Potential Claimants are the only persons and/or entities known by the Government to have a potential interest in the Substitute Assets and/or the Forfeitable Substitute Assets;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

---

[6] There were no funds remaining after liquidation of Guardian Life Insurance Policy 4039409 and the Government's payment to MCU pursuant to the terms of the MCU Stipulation and Order.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Forfeitable Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Forfeitable Substitute Assets.

3. The United States Marshals Service (or its designee) shall take possession of the Forfeitable Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       May 28, 2020

SO ORDERED:

/s/ John G. Koeltl
_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

12