UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

KAM WONG,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/29/2020

**SECOND FINAL ORDER OF FORFEITURE**

18 Cr. 737 (JGK)

WHEREAS, on or about September 3, 2019, this Court entered a Preliminary Order of Forfeiture as to Substitute Asset (the "First Substitute Asset Order") (Dkt. No. 76), which ordered the forfeiture to the United States of all right, title, and interest of Kam Wong (the "defendant") in the following property: $500.00 in United States currency seized on May 8, 2019 from the defendant's residence located in Valley Stream, New York (the "First Substitute Asset");

WHEREAS, on or about December 31, 2019, this Court entered a Preliminary Order of Forfeiture as to Substitute Asset (the "Second Substitute Asset Order") (Dkt. No. 79), which ordered the forfeiture to the United States of all right, title and interest of the defendant in the following property: Life Insurance policy number 001301314 at Security Mutual Life held in the name of Kam H. Wong (the "Second Substitute Asset," together, with the First Substitute Asset, the "Substitute Assets");

WHEREAS, the First Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the First Substitute Asset Order, notice of the United States' intent to dispose of the First Substitute Asset, and the requirement that any person asserting a legal interest in the First Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3); and the First Substitute Asset Order further stated that the United States could, to the extent practicable, provide

direct written notice to any person known to have an alleged interest in the First Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the Second Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Second Substitute Asset Order, notice of the United States' intent to dispose of the Second Substitute Asset, and the requirement that any person asserting a legal interest in the Second Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3); and the Second Substitute Asset Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Second Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the First Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on September 11, 2019, for thirty (30) consecutive days, through October 10, 2019, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on August 20, 2020 (Dkt. No. 89);

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Second Substitute Asset was posted on an official government internet site (www.forfeiture.gov)

beginning on April 1, 2020, for thirty (30) consecutive days, through April 30, 2020, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on August 20, 2020 (Dkt. No. 88);

WHEREAS, on or about September 6, 2019, notice of the First Substitute Asset Order was sent by FedEx to:

i. Jeffrey Harris Lichtman, Attorney for Kam Wong, Law Offices of Jeffrey Lichtman, 11 E. 44th Street, Ste. 501, New York, NY 10017;

ii. Jonathan T. Savella, Attorney for Kam Wong, Law Office of Jonathan Savella, 810 Seventh Ave., Ste. 620, New York, NY 10019;

iii. Kam Wong, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640;

iv. Kam Wong, Valley Stream, NY 11580;

v. Marc Fernich, Attorney for Ruby Wong, Fernich Law, 810 Seventh Avenue, Suite 620, New York, NY 10019; and

vi. Ruby Wong, Valley Stream, NY 11580;

(i. through vi., collectively, the "First Noticed Parties");

WHEREAS, on or about January 3, 2020, notice of the Second Substitute Asset Order was sent by FedEx to:

i. Jeffrey Harris Lichtman, Attorney for Kam Wong, Law Offices of Jeffrey Lichtman, 11 E. 44th Street, Ste. 501, New York, NY 10017;

ii. Jonathan T. Savella, Attorney for Kam Wong, Law Office of Jonathan Savella, 810 Seventh Ave., Ste. 620, New York, NY 10019;

iii. Kam Wong, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640;

iv. Kam Wong, Valley Stream, NY 11580; and

3

   v. Ruby Wong, Valley Stream, NY 11580;

(i. through v., collectively, the "Second Noticed Parties");

WHEREAS, on or about August 26, 2020, notice of the Second Substitute Asset Order was sent by FedEx to:

   i. Marc Fernich, Attorney for Ruby Wong, Fernich Law, 810 Seventh Avenue, Suite 620, New York, NY 10019 (the "Second Noticed Parties-2");

WHEREAS, the defendant and the First Noticed Parties are the only persons and/or entities known by the Government to have a potential interest the First Substitute Asset;

WHEREAS, the defendant, the Second Noticed Parties-1, and the Second Noticed Parties-2 are the only persons and/or entities known by the Government to have a potential interest in the Second Substitute Asset;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed; (ECF Dkt. 91) and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

   1. All right, title and interest in the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

4

2.  Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3.  The United States Marshals Service (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4.  The Clerk of the Court shall forward four certified copies of this Second Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
October 29, 2020

SO ORDERED:

_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

5