UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Judgment Creditor,<br>v.<br><br>KAM WONG,<br>                    Judgment Debtor,<br><br>and<br><br>DELAWARE CHARTER GUARANTEE & TRUST COMPANY, D/B/A PRINCIPAL TRUST COMPANY, THE PRINCIPAL FINANCIAL GROUP, AND MUNICIPAL CREDIT UNION DEFINED BENEFIT PLAN AND TRUST,<br>                    Garnishees. | 18 CR 737 (JGK)<br><br>**FINAL ORDER**<br>**OF GARNISHMENT** |

   WHEREAS, pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act, 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served writs of garnishment on the garnishees Delaware Charter Guarantee & Trust Company d/b/a Principal Trust Company, The Principal Financial Group (collectively "Principal"), and the Municipal Credit Union Defined Benefit Plan and Trust ("the Plan") for substantial nonexempt property belonging to or due the judgment debtor, Kam Wong (Dkts. 105, 112-14, 116);

   WHEREAS the garnishees answered that Principal holds pension benefits in the Plan belonging to or due to Kam Wong, for which the options available for payment from the Plan include a lump sum distribution of 25% of his accrued benefits in the estimated amount of $770,342 or approximately $19,577 in a monthly annuity;

WHEREAS the Government served Kam Wong, and his spouse, Ruby Wong, with the garnishment process (Dkts. 105, 116), and Ruby Wong declined to consent to the lump sum payment option, so the monthly annuity is the only property available to Kam Wong;

WHEREAS neither Kam Wong nor Ruby Wong claimed an exemption or objected to the garnishee's answer, the statutory time-period in 28 U.S.C. §§ 3202(d) and 3205(c)(5) to do so has expired, and Kam Wong does not oppose the Government's motion for a final order of garnishment for 25% of his net monthly pension benefit to be paid directly toward his restitution (Dkt. 125);

WHEREAS the Court has set a briefing schedule on the Government's pending motions for modification of the payment schedule (Dkts. 120-22) and for a preliminary order of forfeiture as to substitute assets (Dkts. 123-24) regarding the remaining 75% of the monthly annuity payments due and owing to Kam Wong from Principal and the Plan;

IT IS HEREBY ORDERED that the garnishees, DELAWARE CHARTER GUARANTEE & TRUST COMPANY, D/B/A PRINCIPAL TRUST COMPANY, and PRINCIPAL FINANCIAL GROUP PRINCIPAL, shall pay to the Clerk of Court within 15 days from the date of this order the nonexempt property it has in its possession, custody, or control belonging to or due the judgment debtor, KAM WONG, from the MUNICIPAL CREDIT UNION DEFINED BENEFIT PLAN AND TRUST, namely 25% of his disposable earnings,[1] from the date that garnishees were served with the writs and continuing each pay period until the Government notifies the garnishees that the judgment debt is paid in full or further order of this Court.

---

[1] "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments to a pension or retirement program. "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld. "Nonexempt disposable earnings" means 25 percent of disposable earnings. *See* 28 U.S.C. §§ 3002(5)-(6) and (9) (same as Section 302 of the Consumer Credit Protection Act, 15 U.S.C. § 1672).

Payments should be made to "Clerk of Court" with "No. 18 CR 737" written on the face of each payment and mailed to the United States District Court, 500 Pearl Street, Room 120, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
_____11/2_____, 2023

_____
UNITED STATES DISTRICT JUDGE